UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SELMA OZTURK, on behalf of herself and all others similarly situated, | Civil Case No.: 2:21-cv-18317 CCC-JSA |
| Plaintiff(s), | CIVIL ACTION |
| -against- | AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL |
| AMSHER COLLECTION SERVICES, INC.; and JOHN DOES 1-25, | |
| Defendant(s). | |

Plaintiff, SELMA OZTURK, on behalf of herself and all others similarly situated (hereinafter "Plaintiff") by and through her undersigned attorney(s), alleges against the above-named Defendants, AMSHER COLLECTION SERVICES, INC. ("AMSHER COLLECTION SERVICES"); JOHN DOES 1-25, their employees, agents, and successors (collectively "Defendants") the following:

### PRELIMINARY STATEMENT

1. Plaintiff brings this action for statutory damages and declaratory relief arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1692k(d). This is an action for violations of 15 U.S.C. § 1692 *et seq.*

3. Venue is proper in this district under 28 U.S.C. §1391(b) and 15 U.S.C. § 1692k(d) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

4. As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5. The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6. Plaintiff is a natural person, a resident of Passaic County, New Jersey and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7. AMSHER COLLECTION SERVICES maintains a location at 4524 Southlake Parkway, Suite 15, Birmingham, Alabama 35244.

8. AMSHER COLLECTION SERVICES uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt and/or to regularly engage in the collection or attempt to collect debt asserted to be due or owed to another.

9. AMSHER COLLECTION SERVICES is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10. John Does 1-25, are currently unknown Defendants whose identities will be obtained in discovery and at that time will be made parties to this action. Plaintiff's claims against the currently unknown Defendants arise out of the same transaction, occurrence or series

of transactions arising from known Defendant's actions and are due to common questions of law and fact whose joinder will promote litigation and judicial efficiency.

## CLASS ACTION ALLEGATIONS

11. Plaintiff brings this action as a state-wide class action, pursuant to Rule 4:32 of the New Jersey Rules of Court, on behalf of herself and all New Jersey consumers and their successors in interest (the "Class"), who AMSHER COLLECTION SERVICES collected or attempted to collect a debt from, in violation of the FDCPA, as described in this Amended Complaint.

12. This Action is properly maintained as a class action. The Class is initially defined as:

- All New Jersey consumers who were sent letters and/or notices from AMSHER COLLECTION SERVICES, which included the alleged conduct and practices described herein.

  The class definition may be subsequently modified or refined.

  The Class period begins one year to the filing of this Action.

13. The Class satisfies all the requirements of Rule 4:32 for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there may be hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice. (*See* **Exhibit A**, except that the undersigned attorney has redacted the financial account numbers and/or personal identifiers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a.  Whether the Defendants violated various provisions of the FDCPA;

    b.  Whether Plaintiff and the Class have been injured by the Defendants' conduct;

    c.  Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d.  Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.

- Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

14. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15. Sometime prior to May 4, 2021, Plaintiff allegedly incurred a financial obligation debt to T-MOBILE ("T-MOBILE").

16. The T-MOBILE obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

17. Plaintiff incurred the T-MOBILE obligation by obtaining goods and services which were primarily for personal, family and household purposes.

18. Plaintiff did not incur the T-MOBILE obligation for business purposes.

19. The T-MOBILE obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

20. T-MOBILE is a "creditor" as defined by 15 U.S.C. § 1692a(4).

21. On or before May 4, 2021, T-MOBILE referred the T-MOBILE obligation to AMSHER COLLECTION SERVICES for the purpose of collections.

22. At the time T-MOBILE referred the T-MOBILE obligation to AMSHER COLLECTION SERVICES, the obligation was past due.

23. At the time T-MOBILE referred the T-MOBILE obligation to AMSHER COLLECTION SERVICES, the obligation was in default.

24. AMSHER COLLECTION SERVICES caused to be delivered to Plaintiff a letter dated May 4, 2021, which was addressed to Plaintiff. **Exhibit A,** which is fully incorporated herein by reference.

25. The May 4, 2021 letter was sent to Plaintiff in connection with the collection of the T-MOBILE obligation.

26. The May 4, 2021 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

27. Upon receipt, Plaintiff read the May 4, 2021 letter.

28. The May 4, 2021 letter provided the following information regarding the balance claimed due on the T-MOBILE obligation:

Total Due: $160.00

29. The May 4, 2021 letter stated in part that:

> If you are a victim of identity theft and believe that someone has used your personal information to fraudulently obtain these T-Mobile services in your name, **please complete the enclosed form and return to T-Mobile for investigation**. **Once they receive this documentation, the above referenced account will be placed on hold while the investigation is conducted.**
>
> Please return your completed documentation, **along with a copy of your police report, directly to the creditor**:
> (emphasis added)

>T-Mobile
>Attn: Risk Assessment
>12920 SE 38th Street
>Bellevue, WA 98006

30.    Defendant enclosed a form with its May 4, 2021 letter, which required Plaintiff to, among other things:

   a. Obtain a police report;
   b. Provide a copy of a Government issued ID; and
   c. Agree to participate in any prosecution necessary to recover the losses associated with the fraudulent activity.

31.    Defendant is not required to provide information related to identity theft in a communication the consumer.

32.    If Defendant chooses the provide information related to identity theft to the consumer, then it is obligated to provide full and accurate information.

33.    Plaintiff has rights and Defendant has obligations related to identity theft pursuant to 15 U.S.C. § 1681m(g):

>**(g) Debt collector communications concerning identity theft.** If a person acting as a debt collector (as that term is defined in title VIII [15 USCS §§ 1692 et seq.]) on behalf of a third party that is a creditor or other user of a consumer report is notified that any information relating to a debt that the person is attempting to collect may be fraudulent or may be the result of identity theft, that person shall—
>**(1)** notify the third party that the information may be fraudulent or may be the result of identity theft; and
>**(2)** upon request of the consumer to whom the debt purportedly relates, provide to the consumer all information to which the consumer would otherwise be entitled if the consumer were not a victim of identity theft, but wished to dispute the debt under provisions of law applicable to that person.

34. Defendant's May 4, 2021 letter "gives away" its obligation to accept a notification from Plaintiff that the debt that the Defendant is attempting to collect may be fraudulent or may be the result of identity theft.

35. Defendant's May 4, 2021 letter places undue burdens on Plaintiff not permitted or contemplated by 15 U.S.C. § 1681m(g).

36. Defendant's May 4, 2021 letter falsely represents what the consumer must do to notify the debt collector that she disputes the debt due to possible identity theft.

37. Defendant's May 4, 2021 letter falsely and deceptively represents what the consumer must do in order exercise her right to obtain certain information about the debt.

38. The least sophisticated consumer upon reading the May 4, 2021 letter would be misled to believe that in order to obtain certain information, which Defendant is required to provide, that she must complete certain forms and forward such forms directly to T-Mobile, when, in fact, all she is legally required to do is notify Defendant that the debt may be fraudulent.

39. The least sophisticated consumer upon reading the May 4, 2021 letter would be misled into believing that by following Defendant's instructions, and only notifying T-Mobile, that she was invoking certain protections afforded by the FDCPA.

40. The least sophisticated consumer upon reading the May 4, 2021 letter would be misled to believe that she if she wanted to inform Defendant the debt may be a result of identity theft that she must do the following: (a) obtain a police report; (b) provide a government issued ID; and (c) agree to participate in any prosecution necessary to recover the losses associated with the fraudulent activity.

41. Requiring the consumer to "agree to participate in any prosecution necessary to recover the losses associated with the fraudulent activity" is misleading the consumer to believe that she has an obligation to assist Defendant or T-Mobile in collection of the debt when there is no legal requirement for a consumer to assist in debt collection.

42. Requiring the consumer to "agree to participate in any prosecution necessary to recover the losses associated with the fraudulent activity" falsely represents to the least sophisticated consumer that the character and legal status of the debt is of such that she is obligated to participate in any prosecution necessary to recover the losses associated with the fraudulent activity, when in fact she no such legal obligation.

43. The least sophisticated consumer upon reading the May 4, 2021 letter would be misled into believing that by following Defendant's instructions, and only notifying T-Mobile, that she is invoking certain protections afforded by the FDCPA, including but not limited to having her credit report trade line marked as "in dispute" if Defendant reports the debt to any reporting agency, when, in fact, no such protection is afforded by the FDCPA concerning T-Mobile.

44. The least sophisticated consumer upon reading the May 4, 2021 letter would be misled into believe that by following Defendant's instructions, and only notifying T-Mobile, that she is invoking certain protections afforded by the FDCPA, such as requiring all communications concerning credit information with any person to be marked as "in dispute", when in fact only disputes to the debt collector affords such protection by the FDCPA.

45. Defendant's misrepresentations are material as each is capable of influencing the decision-making process of the least sophisticated consumer, because she must decide if the time

and expenses and effort to comply with said misrepresentations are so burdensome that it is easier to just pay the debt.

46. Defendant's misrepresentations are material because when weighing her options the least sophisticated consumer could be deceptively pushed to make a decision she otherwise would not make.

47. However, under the FDCPA, Plaintiff and others similarly situated are afforded the right to be free from such abusive, deceptive, and unfair debt collection practices.

## POLICIES AND PRACTICES COMPLAINED OF

48. It is AMSHER COLLECTION SERVICES's policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

> (a) Using false, deceptive or misleading representations or means in connection with the collection of a debt; and
>
> (b) Making a false representation of the character, amount, or legal status of any debt.

49. On information and belief, Defendants sent written communications in the form annexed hereto as **Exhibit A** to at least 50 natural persons in New Jersey within one year of this Amended Complaint.

## COUNT I

## NEW JERSEY DECLARATORY JUDGMENT ACT

50. Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

51. As discussed herein, the Court has jurisdiction to declare the rights of Plaintiff and others similarly situated relative to the Defendant.

52. Plaintiff is a person interested under a written contract or other writing constituting a contract or whose rights, status or other legal relations are affected by a statute, contract, who may have determined any question of construction or validity arising under the instrument, statute, contract and obtain a declaration of rights, status or other legal relations thereunder.

53. Plaintiff and others similarly situated are entitled to Declaratory Judgment that Defendant violated the FDCPA as alleged herein.

## COUNT II

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq.* VIOLATIONS

54. Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

55. As described herein, Defendant engaged in false, deceptive, or misleading representations or means in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10).

56. As described herein, Defendant engaged in unfair or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §§ 1692f.

57. Defendants violated 15 U.S.C. § 1692e of the FDCPA in connection with their communications to Plaintiff and others similarly situated.

58. Defendants' false, misleading and deceptive statement(s) is material to the least sophisticated consumer.

59. Section 1692e(2)(A) of the FDCPA prohibits a debt collector from using a false representation of the character, amount, or legal status of any debt.

60. Defendant violated 1692e(2)(A) of the FDCPA by requiring the consumer to "agree to participate in any prosecution necessary to recover the losses associated with the

fraudulent activity", which falsely represents to the least sophisticated consumer that the character and legal status of the debt is of such that she is obligated to participate in any prosecution necessary to recover the losses associated with the fraudulent activity, when in fact she no such legal obligation, when in fact she has no legal obligation.

61. Section 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

62. Defendants violated Section 1692e(10) of the FDCPA because the May 4, 2021 letter falsely represents what the consumer must do to notify the debt collector that she disputes the debt due to possibly identity theft.

63. Defendants further violated Section 1692e(10) of the FDCPA because the May 4, 2021 letter falsely and deceptively represents what the consumer must do in order exercise her right to obtain certain information about the debt.

64. Defendants further violated Section 1692e(10) of the FDCPA because the least sophisticated consumer upon reading the May 4, 2021 letter would be misled to believe that in order to obtain certain information, which Defendant is required to provide, that she must complete certain forms and forward such forms directly to T-Mobile, when in fact all she is legally required to do is notify Defendant that the debt may be fraudulent.

65. The least sophisticated consumer upon reading the May 4, 2021 letter would be misled into believing that by following Defendants' instructions, and only notifying T-Mobile, that she was invoking certain protections afforded by the FDCPA.

66. Requiring the consumer to "agree to participate in any prosecution necessary to recover the losses associated with the fraudulent activity" is misleading the consumer to believe

that she has an obligation to assist Defendants or T-Mobile in collection of the debt when there is no legal requirement for a consumer to assist in debt collection.

67. Defendants' misrepresentations are material as each is capable of influencing the decision-making process of the least sophisticated consumer, because she must decide if the time and expenses and effort to comply with said misrepresentations are so burdensome that it is easier to just pay the debt

68. As described herein, Defendants violated 15 U.S.C. § 1692e(10).

69. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

70. Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

71. Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

72. Plaintiff and others similarly situated were sent letters, which have the propensity to affect their decision-making with regard to the debt.

73. Plaintiff and others similarly situated have suffered harm redressable under the FDCPA as a direct result of the abusive, deceptive and unfair collection practices described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring Judgment as requested herein;

(b) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and her attorneys as Class Counsel pursuant to R.4:32;

  (c)  Awarding Plaintiff and the Class statutory damages;

  (d)  Awarding attorneys' fees and costs;

  (e)  Awarding post-judgment interest.

  (f)  Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: May 24, 2022

*s/ Joseph K. Jones*
Joseph K. Jones, Esq.
jkj@legaljones.com

*s/ Benjamin J. Wolf*
Benjamin J. Wolf, Esq.
bwolf@legaljones.com

JONES, WOLF & KAPASI, LLC
375 Passaic Avenue, Suite 100
Fairfield, New Jersey 07004
(973) 227-5900 telephone
(973) 244-0019 facsimile
*Attorneys for Plaintiff*

# EXHIBIT A

4524 SOUTHLAKE PARKWAY, SUITE 15
BIRMINGHAM, AL 35244
**ELECTRONIC SERVICE REQUESTED**



AmSher
AMSHER COLLECTION SERVICES, INC.
Mon - Thurs 8:00AM to 7:00PM CST
Friday 8:00AM to 5:30PM CST
800-955-7632

May 4, 2021

Selma Ozturk

| Account Summary | |
|---|---|
| **Original Creditor** | T-MOBILE |
| **Current Creditor** | T-MOBILE |
| **Creditor's Acct #** | |
| **AmSher Acct #** | |
| **Total Due** | $160.00 |

Dear Selma Ozturk:

If you are a victim of identity theft and believe that someone has used your personal information to fraudulently obtain these T-Mobile services in your name, please complete the enclosed form and return it to T-Mobile for investigation. Once they receive this documentation, the above referenced account will be placed on hold while the investigation is conducted.

Please return your completed documentation, along with a copy of your police report, directly to the creditor at:

T-Mobile
Attn: Risk Assessment
12920 SE 38th Street
Bellevue, WA 98006

If you require any additional information, you may contact AmSher at 1-800-955-7632.

**This communication is from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.**

Nick Jackson

Director of Operations



Scan this code with your smartphone to pay your bill online

AMSHER.wfd 15 965036 00000005
Page 1 of 4

**T-Mobile Fraud Management**

**Return Forms to:**
Email: FraudWrite-OffDisput@T-Mobile.com   **Recommended**
P.O Box 90880
Allentown, PA 18109
FAX: 1-813-353-6363



## Collection Dispute for Alleged Fraudulent Activity

T-Mobile Account Number: _____

Victim's Social Security Number (Last 4-digits): _____

Victim's Name: _____

Victim's Mailing Address: _____
_____

Contact Number: _____   Email: _____

Reason for Dispute: _____
_____

**Attach Police Report and Photocopy of Government issued ID:** In addition to the above information Fraud Management requires a police report for ID theft be included. The police report must specifically list T-Mobile in the narration and include any suspects of the alleged fraud. Please do not send the documents separately as this may delay resolution. Notification of the investigation outcome will occur within 15-30 days after all documentation requirements are received.

**Please carefully read the following statement before signing.**

By signing this document, I certify I did not establish or authorize the above account and all of the information provided above is accurate and true. By signing this document, I accept all the terms outlined in this document, and I understand that any modifications made to this agreement may void my claim and result in my dispute being denied by T-Mobile. Upon receipt of this document, I understand that T-Mobile will investigate the account to determine its validity. If it is determined that the account was established fraudulently, I agree to assist in any prosecution necessary to recover the losses associated with the fraudulent activity.

Upon conclusion of the investigation, I understand that T-Mobile will pursue payment in-full from the responsible party.

Signature: _____   Date: _____